Peifer, Appellant, v. Peifer.

Submitted April 24, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Andrew G. Smith,* for appellant.

*Chauncey Lobingier,* and with him *Crawford Scott,* for appellee.

PER CURIAM, July 13, 1934:

A libel in divorce was filed December 1, 1931, by the appellant, Wilbert H. Peifer, charging that the respondent, Gladys Peifer, procured a marriage with him by fraud and coercion.

The parties began to keep regular company with each other in the early part of 1928. On April 20, 1930, respondent called at the libellant's home and informed him that she was pregnant as a result of his having intercourse with her. Doubting her pregnancy, he took her to a doctor who affirmed her statement and estimated that it was of about three and a half months duration. Libellant denied that he was the cause of her condition. He prepared two affidavits and these were signed by respondent on April 25, 1930, before a notary, in one of which she acknowledged that she had relations with other men, setting out the various times and fixing the date with the defendant as of February 11, 1930. She also swore to another, declaring that she had not had intercourse with any other but Wilbert Peifer from September 1, 1929, up to and including April 20, 1930. She testified that she did not read the papers and did not know the contents and that she inserted his name and the accompanying data at his specific direction. He claims that her father threatened his life and was looking around the house for a gun and that the mother threatened to start legal proceedings if he did not marry their daughter. There is a period of eight days between

the time the respondent first notified the libellant that she was pregnant and the marriage. The parties were married April 28, 1930. They went to libellant's mother's home where they lived separate and apart, not as husband and wife. A male child was born to respondent on July 9, 1930.

Upon the second statement which was obtained from the respondent, it appears no one else had "access" to respondent during the time when the intercourse which resulted in the birth of the child on July 9, 1930, must have occurred.

Allen's Appeal, 99 Pa. 196, in substance states that when a man enters into the solemn covenant of marriage with a pregnant woman, he must be conscious of his having had previous connection with her before he would enter into the solemn obligation and although she may have falsely assured him that the child was his, if he chooses to rely on that assurance he must bear it as a misfortune. The libellant had connection with this woman previous to his marriage with her and he relied upon her assurance that he was the father of the child. "The law makes no provision for the relief of a blind credulity." If a man marries a woman, knowing her to be pregnant and believing that he is the father of the child, he cannot set up the fraud if afterwards discovered. We need not, however, as we have already stated, go so far in the present case. There was no evidence of access on the part of any other man during the period when gestation must have begun, and taking the two affidavits together, there is an assertion on her part to the contrary.

The order of court dismissing the libel is affirmed, the appellant to pay the costs.